**RECEIVED**

JUL 1 3 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. 6:10-00369-03 |
| | * | |
| VS. | * | JUDGE DOHERTY |
| | * | |
| DAVID J. PREJEAN | * | MAGISTRATE JUDGE HANNA |

PLEA AGREEMENT

A.   INTRODUCTION

This document contains the complete plea agreement between the Government and

DAVID J. PREJEAN, the Defendant.  No other agreement, understanding, promise, or

condition exists, nor will any such agreement, understanding, promise or condition exist

unless it is committed to writing in an amendment attached to this document and signed by

the Defendant, an attorney for the Defendant, and an attorney for the Government. The terms

of this plea agreement are only binding on the Defendant and the Government if the Court

accepts the Defendant's guilty plea.

B.   THE DEFENDANT'S OBLIGATIONS

DAVID J. PREJEAN shall appear in open court and plead guilty to Count 1 of the

Indictment pending in this case.

C.    THE GOVERNMENT'S OBLIGATIONS

1.      If the Defendant completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees that the pending Indictment will constitute the Defendant's sole criminal exposure based on the investigation which forms the basis of the Indictment.

2.      The Government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

3.      The Government will not pursue a notice of enhancement pursuant to 21 U.S.C. § 851.

D.    SENTENCING

DAVID J. PREJEAN understands and agrees that:

1.      The maximum punishment on Count 1 is a term of imprisonment of not less than ten (10) years up to a maximum term of life imprisonment, pursuant to 21 U.S.C. § 841, or a fine of not more than $4,000,000, or both;

2.      He shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to

"Clerk, U.S. District Court;"

3.      He may receive a term of Supervised Release of at five (5) years in length in addition to any term of imprisonment imposed by the Court;

4.      A violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5.      The period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed;

6.      In addition to the penalties set forth in the preceding paragraphs, the Court may order him to make restitution to the victims in this case and that the amount of restitution and method of payment is in the discretion of the Court;

7.      Any fine and/or restitution imposed as part of the Defendant's sentence will be made due and payable immediately, that the Defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8.      As part of the presentence investigation the Government will make available to the Court all evidence developed in the investigation of this case;

9. This case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), and Gall v. United States, 552 U.S. 38, 128 S.Ct. 128 (2007), that he has discussed the Sentencing Guidelines and their applicability with his counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

10. The sentencing judge alone will decide what sentence to impose; and

11. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.     REINSTATEMENT OF ORIGINAL INDICTMENT

DAVID J. PREJEAN understands and agrees that should this plea be overturned for any reason at a later date, the Indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the Government.

F.     SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, DAVID J. PREJEAN. It accurately and completely sets forth the entire plea agreement. I concur in DAVID J. PREJEAN pleading guilty as set forth in this plea agreement.

-4-

Dated: _5/27/2011_


_____
CECELIA A. BONIN
Attorney at Law
203 W. Main Street, Suite 202
New Iberia, LA 70560
Telephone: 337-606-0108

I have read this plea agreement and have discussed it with my attorney.  I fully understand the plea agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: _5/27/2011_


_____
DAVID J. PREJEAN
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: _7/13/2011_


_____
DANIEL J. McCOY, Bar ID 29334
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501-6832
Telephone: (337) 262-6618

-5-