RECEIVED

JUL 1 3 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. 10-CR-00369-03 |
| | * |
| VERSUS | * JUDGE DOHERTY |
| | * |
| DAVID J. PREJEAN | * MAGISTRATE JUDGE HANNA |

## ELEMENTS OF OFFENSE, VENUE, AND
## STIPULATED FACTUAL BASIS FOR GUILTY PLEA

### 1.

### ELEMENTS OF OFFENSE

### CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE

### 21 U.S.C. § 846

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, the defendant is charged with conspiring to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, and five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

Elements of the Offense and Stipulated Factual Basis for Guilty Plea
*United States versus David J. Prejean*
Criminal No. 10-CR-00369-03
Page 2

In order for you to be found guilty of this crime, the government must prove the following elements beyond a reasonable doubt:

*First*: That two or more persons, directly or indirectly, reached an agreement to distribute a methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, and/or to distribute a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II narcotic controlled substance;

*Second*: That you knew of the unlawful purpose of the agreement;

*Third*: That you joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

*Fourth*: That the overall scope of the conspiracy involved at least fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, and/or at least five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into a formal agreement, nor that they directly stated between themselves all the details of the scheme.

Elements of the Offense and Stipulated Factual Basis for Guilty Plea
*United States versus David J. Prejean*
Criminal No. 10-CR-00369-03
Page 3

Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

The government must also prove, for purposes of venue, that one or more of the acts constituting the offense occurred in the Western District of Louisiana.

### DISTRIBUTION OF A CONTROLLED SUBSTANCE
[21 U.S.C. § 841(a)(1)]

Title 21, United States Code, Section 841(a)(1), makes it a crime for anyone to knowingly or intentionally distribute a controlled substance.

Methamphetamine is a controlled substance within the meaning of this law.

In order to find you guilty of this crime, a jury would have to be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        that you knowingly or intentionally distributed methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, and/or to distribute  a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II narcotic controlled substance; and

Elements of the Offense and Stipulated Factual Basis for Guilty Plea
*United States versus David J. Prejean*
Criminal No. 10-CR-00369-03
Page 4

| | |
|---|---|
| *Second:* | the amount of the controlled substance distributed was at least fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, and/or at least five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance. |

2.

## VENUE

[18 U.S.C. § 3237(a)]

If the case were to proceed to trial, the government would also have the burden of proving proper venue - that is the government would have to prove by a preponderance of the evidence that the offense was begun, continued, or completed in one of the Parishes that make up the Western District of Louisiana.

3.

## STIPULATED FACTUAL BASIS FOR GUILTY PLEA

NOW INTO COURT, come the UNITED STATES OF AMERICA, through the undersigned Assistant United States Attorney, and the defendant, DAVID J. PREJEAN, represented by his undersigned counsel, Cecilia A. Bonin, and for purposes of providing the Court with a factual basis for a plea agreement pursuant to Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide the following:

DAVID J. PREJEAN stipulates that one or more of his actions constituting the offense of Conspiracy to Distribute Methamphetamine as alleged in Count 1 occurred within the Western District of Louisiana and that the scope of the conspiracy to distribute methamphetamine involved at least fifty (50) grams or more of methamphetamine its salts,

Elements of the Offense and Stipulated Factual Basis for Guilty Plea
*United States versus David J. Prejean*
Criminal No. 10-CR-00369-03
Page 5

isomers and salts of its isomers, and at least five hundred (500) grams or more of a mixture
or substance containing a detectable amount of methamphetamine, its salts, isomers and salts
of its isomers.

DAVID J. PREJEAN stipulates and agrees that he and other coconspirators would
purchase methamphetamine from sources of supply in Texas, and that they would use
vehicles to transport the purchased methamphetamine from Texas to the Acadiana region of
the Western District of Louisiana for later distribution. DAVID J. PREJEAN stipulates and
agrees that these activities occurred from at least November 2008 through May 2010.
DAVID J. PREJEAN stipulates and agrees that he was a conspirator in distributing
methamphetamine in the Western District of Louisiana with DAWN ROCHELLE
BROUSSARD, JUSTIN RUSSELL REGAN, JAMES C. PITRE, KEVIN R. MELKILD and
other individuals.

DAVID J. PREJEAN stipulates and agrees that from approximately October 2009
until his arrest on 03/06/2010, he has purchased at least one (1) ounce of methamphetamine
from his source of supply in Houston, Texas. This would occur at least once every four (4)
to eight (8) weeks. The methamphetamine would later be distributed in the Western District
of Louisiana.

On 9/22/2009, DAVID PREJEAN was arrested by Acadia Parish Sheriff's Office
subsequent to a traffic stop, and was found in possession of methamphetamine.  Law
enforcement officers encountered a vehicle driven by DAVID PREJEAN on LA 100.  A
traffic stop of the vehicle was conducted.  Subsequently, DAVID PREJEAN consented to
a search of the vehicle, and signed a consent to search form.  Law enforcement recovered

Elements of the Offense and Stipulated Factual Basis for Guilty Plea
*United States versus David J. Prejean*
Criminal No. 10-CR-00369-03
Page 6

methamphetamine, hydrocodone tablets, plastic baggies, a digital scale, and a glass smoking

pipe.  The vehicle driven by DAVID J. PREJEAN was registered to JUSTIN RUSSELL

REGAN.  Subsequently, the materials were submitted to the Acadiana Criminalistics

Laboratory (ACL) for analysis.  The following results were obtained.  ACL Case No. ACL-09-

5052:

| Item | Material | Results | Weight |
|------|----------|---------|--------|
| 01 | one (1) plastic bag containing two (2) plastic bags, each containing crystal material | Schedule II C 2-methamphetamine | gross weight: 26.5 grams / net weight: 25.6 grams |
| 02 | one (1) plastic bag containing one (1) plastic bag containing: | | |
| 02.01 | one (1) oblong blue tablet | Schedule III D1d - hydrocodone (dihydrocodeinone) | Count - 1 each |
| 02.02 | two (2) oblong green tablets | Schedule III D1d - hydrocodone (dihydrocodeinone) | Count - 2 each |
| 03 | one (1) plastic evidence bag containing two (2) plastic bags, each containing crystal material | Schedule II C 2-methamphetamine | gross weight: 13.8 grams / net weight: 11.9 grams |
| 04 | one (1) plastic bag containing one (1) clear plastic bag containing: | | |
| 04.01 | Eight (8) oblong white tablets | Schedule III D1d - hydrocodone (dihydrocodeinone) | Count: 8 each |
| 04/02 | six (6) oblong green tablets | Schedule III D1d - hydrocodone | Count: 6 each |

Elements of the Offense and Stipulated Factual Basis for Guilty Plea
*United States versus David J. Prejean*
Criminal No. 10-CR-00369-03
Page 7

|  |  | (dihydrocodeinone) |  |
|--|--|--|--|

On or about 03/05/2010, DAVID J. PREJEAN departed the Western District of Louisiana to the Houston, Texas area. With him on 03/06/2010, in Houston, Texas, were DAWN ROCHELLE BROUSSARD, J.G. and C.E. On 03/06/2010, J.G. drove his vehicle (silver Toyota truck LA X363689) with DAVID J. PREJEAN as a passenger to pick up methamphetamine from a source of supply in Houston, Texas. The purchase price was $13,000. They arrived at a Holiday Inn Express, and DAVID J. PREJEAN exited the vehicle with a black bag to pick up methamphetamine. J.G. remained in the vehicle. DAVID J. PREJEAN returned with the black bag and the two departed the hotel. Subsequently, officers of the Houston Police Department conducted a traffic stop of the vehicle. The driver of the vehicle, J.G., gave verbal consent to search the vehicle. Officers recovered approximately 212.13 grams of methamphetamine and a digital scale inside the backpack. The purchased methamphetamine was intended for later distribution in the Western District of Louisiana. Subsequently, the Harris County Institute of Forensic Sciences conducted an examination of the methamphetamine. The results were 204.562 grams (net) of methamphetamine HCl. A quantitation of the purity of the Methamphetamine HCl revealed 50.4% purity.

DAVID J. PREJEAN stipulates that one or more of his actions constituting the offense of Conspiracy to Distribute Methamphetamine as alleged in Count 1 occurred within the Western District of Louisiana. The government and DAVID J. PREJEAN stipulate and agree that his role in the conspiracy for purposes of relevant conduct involved at least five-hundred (500) grams but not more than 1.5 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine its salts, isomers and salts of its isomers, and of

Elements of the Offense and Stipulated Factual Basis for Guilty Plea
*United States versus David J. Prejean*
Criminal No. 10-CR-00369-03
Page 8

that at least five-hundred (500) grams but not more than 1.5 kilograms of a mixture or

substance containing a detectable amount of methamphetamine its salts, isomers and salts of

its isomers, 103 grams was Methamphetamine (Actual).


_____
DAVID J. PREJEAN
Defendant

_____
DATE   5/27/2011


_____
CECELIA A. BONIN
Attorney at Law
203 W. Main St., Suite 202
New Iberia, LA 70560
Telephone: (337) 606-0108
Attorney for Defendant

_____
DATE   5/27, 2011


STEPHANIE A. FINLEY
United States Attorney

_____
DANIEL J. McCOY, Bar No. 29334
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501-6832
Telephone: (337) 262-6618

_____
DATE   7/13/2011