RECEIVED
APR 17 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 6:10-cr-00369-3

VS.

DAVID J. PREJEAN                  JUDGE DOHERTY

## ORDER

David J. Prejean filed a *pro se* "Motion to be Placed Back in Federal Custody" on April 9, 2012. [Doc. 288] Prejean was ordered to serve concurrent sentences following convictions in this Court and in Louisiana's Fifteenth Judicial District Court. He is currently in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Lafayette Parish Corrections Center (LPCC).[1] He complains about his present confinement at LPCC and asks the Court to "return" him to federal custody.

Prejean was booked into the LPCC on December 10, 2010.[2] His presence in this Court was obtained via a Writ of *Habeas Corpus ad Prosequendum* issued on January 3, 2011. [Docs. 25, 47, 48, 240] He was ultimately convicted, sentenced [Docs. 203 and 243], and then returned to the Louisiana authorities. He was thereafter convicted and sentenced in the Fifteenth Judicial District Court, and, on February 9 and March 14, 2012 his Louisiana sentences were ordered to be served concurrently with his federal sentence. It appears that the State of Louisiana obtained "primary jurisdiction" over Prejean; this Court "borrowed" him from the State via the writ of *habeas corpus ad prosequendum*. Therefore, this Court lacks jurisdiction to interfere with the

---

[1] See Louisiana Department of Public Safety and Corrections, Offender Locator Service http://doc.la.gov/quicklinks/offender-info/offender-locator/

[2] See Lafayette Parish Sheriff's Office website at http://jades.lafayettesheriff.com:8888/index2.php?nav=record&id=779360

State's sentence.[3] Further, the issue of which sovereign exercises primary jurisdiction is a matter of comity between the two sovereigns, i.e., the United States and the State of Louisiana, and Prejean lacks standing to assert either sovereign's priority of custody. *DeLong v. United States*, 474 F.2d 719, 720 (5th Cir.1973); *Piper v. Estelle*, 485 F.2d 245, 247 n. 2 (5th Cir.1973) (*per curiam*) (citations omitted); *accord Chunn v. Clark*, 451 F.2d 1005, 1006 (5th Cir.1971) (*per curiam*).

Therefore, Prejean's *pro se* "Motion to be Placed Back in Federal Custody" [Doc. 288] is **DENIED.**

In Chambers, Lafayette, Louisiana, April 17, 2012, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] See *United States v. Cibrian*, 374 Fed. App'x. 524, 528 (5th Cir. 2010).